IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2005

## STATE OF TENNESSEE v. MARVIN NORTON

**Appeal from the Circuit Court for Robertson County**
**No. 00-0076     John H. Gasaway, III, Judge**

---

**No. M2002-02906-CCA-R3-CD - Filed August 12, 2005**

---

JOSEPH M. TIPTON, J., concurring.

I concur in all respects with the majority opinion save its view of the admissibility of the search warrant under Rule 41(c), Tenn. R. Crim. P. The defendant complains that his trial counsel failed to object to the state's introduction of a copy of the search warrant into evidence. He asserts that the warrant states that "there is probable and reasonable cause to believe that Marvin O. Norton B/M is now in unlawful possession of the following . . . cocaine or derivatives of same . . . ." He argues that the content of the search warrant was objectionable because it contained hearsay, was irrelevant to the facts at issue, and made specific reference to the defendant as the individual in possession of the cocaine.

The majority opinion meets the defendant's claim by quoting part of Rule 41(c) that states that "the exact copy of the search warrant and the endorsement thereon shall be admissible evidence." I believe the majority opinion misunderstands the import of this quoted provision of the rule. Rule 41(c) essentially relates to the issuance, contents, and requirement of copies of the search warrant. In part, the rule states the following:

> The magistrate shall prepare an original and two exact copies of the search warrant, one of which shall be kept by the magistrate as a part of his or her official records, and one of which shall be left with person or persons on whom the search warrant is served. The magistrate shall endorse upon the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution; and the exact copy of the search warrant and the endorsement thereon shall be admissible in evidence.

In context, the provision upon which the majority opinion relies essentially means that the best evidence rule need not apply with regard to the properly prepared exact copy of the original search warrant. See Tenn. R. Evid. 1002. It is not a provision that allows for the admission into evidence

of a copy of the search warrant that does not otherwise meet evidentiary or constitutional confrontation requirements for admissibility. As the defendant asserts, the search warrant reflects a magistrate's conclusion that the defendant was in possession of cocaine at the address that was searched. The magistrate's conclusion regarding the defendant's possession of cocaine was wholly irrelevant to the issues on trial and improperly prejudicial. The warrant's assertion of facts coming from Corporal Dorris was rank hearsay.

The defendant's trial counsel testified that his defense in the "first part was to [diffuse] ownership among six or eight people in the trailer, and the second was to say even if what the State says is true, even if Mr. Norton did know where it was, just knowing where it was doesn't mean that you own it." Needless to say, showing the jury that a magistrate found that evidence from law enforcement provided probable cause to believe that the defendant was possessing the cocaine at the residence in question contradicted trial counsel's theory of defense.

Initially, I note that plain error may occur in the admission of evidence in violation of the Confrontation Clause. See State v. Ogle, 666 S.W.2d 58, 60-61 (Tenn. 1984) (holding that plain error existed when the principal evidence against the defendant was a co-defendant's written confession admitted in violation of the Confrontation Clause). However, given the testimony of Corporal Dorris and Officer McLean regarding the location of the cocaine, the clothes in the closet, and the defendant's statements, I do not believe plain error exists.

As for the ineffective assistance of counsel, I believe the trial court's general statement to the effect that trial counsel's examination of witnesses and his actions pretrial and at trial were in the range of competence does not adequately meet the requirements for stating findings of fact and conclusions of law with regard to the claim regarding the admission of the search warrant into evidence. See T.C.A. § 40-30-111(b). The trial court did not specifically address the issue of trial counsel's failure to object to the admission of the search warrant relative to either deficient performance or prejudice. In any event, I would conclude that the failure to object to the admission of the search warrant would constitute deficient performance. However, based upon the evidence, I cannot say that a reasonable probability exists that exclusion of the search warrant would lead to a more favorable result for the petitioner.

_____

JOSEPH M. TIPTON, JUDGE